IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RYAN CARABOOLAD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COLUMBIA DERMATOLOGY, LLC, a South Carolina limited liability company,<br><br>*Defendant.* | No. 1:23-cv-00138<br><br>Hon. Bridget M. Brennan<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ryan Caraboolad ("Plaintiff" or "Plaintiff Caraboolad") brings this Class Action Complaint and Demand for Jury Trial against Defendant Columbia Dermatology, LLC ("Defendant" or "Columbia Dermatology & Aesthetics"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text message solicitations to consumers whose phone numbers are registered on the National Do Not Call Registry. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Caraboolad, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Caraboolad is a resident of Cuyahoga County, Ohio.

2. Defendant Columbia Dermatology & Aesthetics is a South Carolina limited liability company, located in Lexington County, South Carolina.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts business into this District, and the wrongful conduct leading to this case was directed by Defendant to the Plaintiff in this District to Plaintiff's Ohio area code telephone number.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com. (Last checked July 27, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Columbia Dermatology & Aesthetics provides dermatology services and aesthetic services such as spray tanning, facials, as well as brow and lash services. In addition, Defendant sells their custom skin products in their office and through their website.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-3-



15. Defendant Columbia Dermatology & Aesthetics places unsolicited text message solicitations to solicit their services to consumers' cellular telephone numbers, despite having never obtained the necessary consent required to send these text message solicitations.

16. For example, Plaintiff Caraboolad received multiple text messages from Defendant Columbia Dermatology & Aesthetics despite never having given it express written consent to receive telemarketing solicitations and despite having his phone number registered on the DNC.

**PLAINTIFF CARABOOLAD'S ALLEGATIONS**

17. Plaintiff Caraboolad is the sole user and the subscriber of the cellular phone number 216-XXX-3608.

18. The area code 216 is an Ohio area code number.

19. Plaintiff Caraboolad registered this phone number on the National Do Not Call Registry on February 3, 2007.

20. Plaintiff Caraboolad's number is his personal cell phone number and he uses it as one would use a landline in the home.

21. Plaintiff Caraboolad uses a separate work number for work related calls.

---
[3] https://columbiadermsc.com/shop

CLASS ACTION COMPLAINT
-4-

22. On November 28, 2022, at 9:45 AM, Plaintiff Caraboolad received a text message solicitation from Defendant from the phone number 803-408-7391 which stated:

> +1 (803) 408-7391
>
> Text Message
> Mon, Nov 28 at 9:45 AM
>
> Don't miss Columbia Derm's biggest sale of the year -- Today only! 20% off ALL Aesthetic Services and Cosmetic Products. Save on all of your favorite treatments, and schedule them when you're ready! Purchased treatments never expire. Call now to purchase:
> 803-731-9600

23. On December 2, 2022, at 9:10 AM, Plaintiff Caraboolad received a text message solicitation from Defendant from the phone number 803-408-7391 which stated:

> Fri, Dec 2 at 9:10 AM
>
> Columbia Dermatology - Friday Flash Sale! Call this morning to book a Winter Luxe Facial with Hot Stone Massage, enjoy 50% off your service! First 10 to book receive offer: 803-731-9600

24. The solicitation text messages were generic in nature.

25. The phone numbers both are owned and operated by the Defendant.

26. On calling the phone number 803-408-7391, it is answered by Defendant Columbia Dermatology & Aesthetics.

27. Plaintiff Caraboolad never consented to receiving solicitation text messages from Defendant Columbia Dermatology & Aesthetics and did not have an existing business relationship with the Defendant.

CLASS ACTION COMPLAINT
-5-

28. The unauthorized text messages placed by Defendant, as alleged herein, have harmed Plaintiff Caraboolad in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29. Seeking redress for these injuries, Plaintiff Caraboolad, on behalf of himself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits placing unsolicited prerecorded calls to consumers phone numbers.

## CLASS ACTION ALLEGATIONS

30. Plaintiff Caraboolad brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Do Not Call Registry Class**:

All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted and/or called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and/or texted Plaintiff.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons

whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Caraboolad anticipates the need to amend the Class definitions following appropriate discovery.

32. **Typicality and Numerosity**: Plaintiff is a member of all the Class, and on information and belief, there are hundreds, if not thousands of members of the Class, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant or an agent calling on behalf of Defendant placed multiple calls within a 12-month period to Plaintiff and members of the Do Not Call Registry Class without first obtaining consent to make the calls.

(b) whether Defendant's conduct violated the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff Caraboolad will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Caraboolad has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Caraboolad and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and has the financial resources to do so. Neither Plaintiff Caraboolad nor his counsel have any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Caraboolad Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Caraboolad and the Do Not Call Registry Class)**

36. Plaintiff repeats and realleges the paragraphs 1 through 33 of this Complaint and incorporates them by reference herein.

37. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

39. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Caraboolad and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

41. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Caraboolad individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class, as defined above; appointing Plaintiff Caraboolad as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Caraboolad requests a jury trial.

DATED this 8th day of March, 2023.

Respectfully Submitted,

**RYAN CARABOOLAD**, individually and on behalf of those similarly situated individuals

By: /s/ *Brian T. Giles*

Brian T. Giles
bgiels@gilesharper.com
Giles & Harper, LLC
7247 Beechmont Avenue,
Cincinnati, Ohio 45230
Telephone: (513) 379-2715

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice motion forthcoming